UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

DEC 1 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ANDRE SYLVESTER WATTS,                )
                                      )
       Plaintiff,                     )
                                      )
v.                                    )    Civil Action No. 01-0284 (RJL)
                                      )
ANTHONY WILLIAMS, et al.,             )
                                      )
       Defendants.                    )

**MEMORANDUM OPINION and ORDER**

This matter is before the Court on the parties' cross-motions for summary judgment. Having considered the motions, the parties' oppositions, and the entire record, the Court will deny plaintiff's and Harrison's motions for summary judgment, and grant the District of Columbia's motion for summary judgment.

I. BACKGROUND

At all times relevant to the complaint defendant Timothy Harrison ("Harrison") was a Metropolitan Police Department ("MPD") officer and an employee of the District of Columbia.[1] Amd. Compl. ¶¶ 2, 4. Harrison worked off-duty as a security guard at the office of the Washington Gas Company ("Washington Gas") at 1100 H Street, N.W. Memorandum of Points and Authorities in Support of Defendants District of Columbia and Timothy Harrison's Motion for Summary Judgment ("Defs.' Mot."), Ex. A (excerpt of plea hearing transcript) at 10. On June 12, 1998, Harrison arrested plaintiff. Id. ¶ 7. In effecting the arrest, Harrison allegedly

---

    [1]      Harrison is sued in both his individual and official capacities. Amd. Compl. ¶ 4.

1

"beat [] and struck [plaintiff] repeatedly in the head and upper body," and "applied a chokehold" to plaintiff. Amd. Compl. ¶ 10. As a result, plaintiff allegedly "sustained physical injuries, including cuts and bruises to his face and head," for which he was treated at the District of Columbia General Hospital. *Id.* ¶¶ 11-12.

Generally, plaintiff alleges that these defendants used excessive force in effecting his arrest and denied him due process generally by causing him physical harm without a prior determination of appropriate punishment. Specifically, he contends that the District of Columbia failed to properly train and supervise Harrison "in the appropriate means of making an arrest and in the appropriate use of force." Amd. Compl. ¶ 15. Further, he alleges that the District's "policies and procedures with respect to the use of force in making an arrest are inadequate and fail to satisfy constitutional standards." *Id.* ¶ 17. Plaintiff brings this civil rights action under 42 U.S.C. § 1983, claiming that defendants violated rights protected by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. *Id.* ¶¶ 19-23, 25-27, 29-32, 34-37. He demands compensatory and punitive damages and an award of attorney fees and costs.

## II. DISCUSSION

### A. Summary Judgment Standard

A party may move, with or without supporting affidavits, for summary judgment in his favor on any claim or cross-claim. *See* Fed. R. Civ. P. 56(a), (b). Summary judgment is granted to the movant "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one "that might affect the outcome of the suit under the governing law."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "By pointing to the absence of evidence proffered by the non-moving party, a moving party may succeed on summary judgment." *Fernandors v. District of Columbia*, 382 F.Supp.2d 63, 68 (D.D.C. 2005) (citing *Celotex Corp.*, 477 U.S. at 322). When evaluating a summary judgment motion, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Anderson*, 477 U.S. at 255; *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 150 (2000). The party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248; *see also Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 150 (D.C. Cir. 1996). If evidence in the non-moving party's favor is "merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (internal citations omitted).

## B. Excessive Force

All of plaintiff's claims stem from his June 12, 1998 arrest and the alleged use of force in effecting his arrest. "*[A]ll* claims that law enforcement officers have used excessive force – deadly or not – in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard." *Graham v. Connor*, 490 U.S. 386, 395 (1989) (emphasis in original); *see Tennessee v. Garner*, 471 U.S. 1,

7-22 (1985) (analyzing constitutionality of use of force under Fourth Amendment although complaint alleged violations of both Fourth Amendment and Fifth Amendment's Due Process Clause).

Plaintiff alleges that the physical force Harrison used, including a chokehold, "constituted an unreasonable search and seizure, as well as the unnecessary, illegal, and wanton infliction of pain." Amd. Compl. ¶ 19. In addition, plaintiff alleges that the District of Columbia, which was responsible for creating policies on the use of force during an arrest, "fail[ed] to satisfy constitutional standards in that they encourage and/or fail to discourage the improper use of force by officers of the Metropolitan Police Department, and [] fail[ed] to instruct officers on the proper use of chokeholds." *Id.* ¶ 31.

### 1. Harrison's Use of Force

Defendants move for summary judgment on the ground that Harrison used reasonable force in effecting plaintiff's arrest, such that defendants did not violate plaintiff's constitutional rights. *See* Defs.' Mot. at 4-5. In support of their motion, defendants rely on the government's proffered evidence at plaintiff's plea hearing.[2]

Plaintiff was charged with and pled guilty to robbery and assault on a police officer. Defs.' Mot., Ex. A at 3, 17. According to the government's proffered evidence, plaintiff removed a wallet from the purse of a female victim. *Id.* at 9. Plaintiff fled and the victim chased him as he entered the Washington Gas office at 1100 H Street, N.W. *Id.* Plaintiff ran down a restricted stairwell and, having ignored Harrison's order to stop, threw down the victim's wallet.

---

[2] Plaintiff pled guilty to one count of robbery and one count of assaulting a police officer on March 17, 1999 in the Superior Court of the District of Columbia. *See* Defs.' Mot., Ex. A (excerpt of transcript of plea hearing, Crim. No. F-4255-98) at 3, 18-19.

*Id.* at 10. Harrison chased plaintiff, and in the course of the pursuit, plaintiff threw furniture in Harrison's path and, when apprehended, he struggled with Harrison and attempted to remove Harrison's gun from its holster. *Id.* at 9-10. Plaintiff resisted arrest, and Harrison needed the assistance of at least two civilians to subdue plaintiff. *Id.* at 10-11.

Defendants' submission describes the circumstances leading to plaintiff's arrest, and there is no dispute that Harrison employed some force in order to subdue plaintiff, who admitted to struggling with Harrison and to resisting arrest. *See id.* at 12. In conclusory fashion, Harrison asserts that he "used only such force as reasonably necessary to defend himself and others and to secure plaintiff's arrest." Defendants' Statement of Material Facts as to which There is No Genuine Dispute, ¶ 14. Defendants reach a legal conclusion without first having directly addressed two critical factual issues: the type of force and the amount of force Harrison actually employed. Meanwhile plaintiff maintains that Harrison "placed [him] in a choke hold." Plaintiff['s] Counterstatement to Defendant[s'] Statement of Material Facts as to which There is No Genuine Dispute ¶ 10, which is prohibited under District of Columbia law. Amd. Compl. ¶ 13; *see* D.C. Code §§ 5-125.01-125.03 (prohibiting use of trachea hold and restricting use of carotid artery hold).

There remains a genuine issue of material fact in dispute as to the force used by Harrison. On this record, the Court cannot determine the type or amount of force Harrison used, let alone whether that force was reasonable under the circumstances. Nor can the Court determine whether Harrison is protected by qualified immunity. Defendants' motion for summary judgment will be denied in part, and Harrison remains a party defendant to this action in his individual capacity.

### 2. District of Columbia's Liability under 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a complaint must allege facts sufficient to show that the conduct of which plaintiffs complain (1) was committed by a person acting under color of state law, and (2) deprived plaintiffs of a constitutionally-protected right. *See, e.g., West v. Atkins*, 487 U.S. 42, 48 (1988). The District of Columbia is a municipality and is considered a "person" for purposes of § 1983.[3] *See, e.g., Best v. District of Columbia*, 743 F. Supp. 44, 46 (D.D.C. 1990). A municipality cannot be held liable for monetary, declaratory or injunctive relief, however, unless "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Serv. of the City of New York*, 436 U.S. 658, 690 (1978); *see Carter v. District of Columbia*, 795 F.2d 122, 125 (D.C. Cir. 1986) (to establish municipal liability under § 1983, plaintiff must show pervasive police practice which either was officially adopted or was so common as to be deemed a custom or policy). Plaintiff's amended complaint adequately alleges claims under § 1983 and the District of Columbia's liability for these alleged constitutional violations.

Notwithstanding the adequacy of the amended complaint's allegations, plaintiff utterly fails to meet his burden on summary judgment. He offers neither depositions nor admissions nor other evidence with respect to the use of force in effecting arrests, or to the training or lack of training provided to Harrison or other MPD officers in using force, deadly or otherwise, during arrests. *See McKnight v. District of Columbia*, 412 F.Supp.2d 127, 132 (D.D.C. 2006) (citing

---

[3]   Plaintiff's claims against defendant Harrison in his official capacity are treated as claims against the District of Columbia itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also Atchison v. District of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996).

cases, noting ways plaintiff could prove claim that "District's police officers engaged in a pattern of excessive force"). Without such evidence, plaintiffs fail to establish the District of Columbia's liability, and summary judgment will be granted for the District of Columbia.

Accordingly, it is hereby

ORDERED that defendants' motion for summary judgment [Dkt. #116] is GRANTED IN PART and DENIED IN PART WITHOUT PREJUDICE. It is further

ORDERED that plaintiff's cross-motion for summary judgment [Dkt. #120] and motion for declaratory judgment [Dkt. #123] are DENIED.

SO ORDERED.

_____
RICHARD J. LEON
United States District Judge

Date: 12/15/06